# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARGARET SANCHEZ,

      Plaintiff,

v.                                                    Case No: 6:11-cv-1745-Orl-22GJK

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:** UNOPPOSED APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 31)
>
> **FILED:** March 26, 2013
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On January 18, 2013, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (hereafter "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 30. Plaintiff now moves for an award of attorney's fees (hereafter "Motion") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereafter "EAJA"). Doc. No. 31. Plaintiff requests the Court award attorney's fees in the amount of $3,222.47. Doc. No. 31.

The time sheet attached to the Motion indicates that counsel for Plaintiff, Adam Neidenberg, Esq., performed 18.05 hours of work on the case from 2011 to 2013 at an hourly

rate of $178.53 per hour, as adjusted for the consumer price index in 2012, for a total of $3,222.47 in attorney's fees. Doc. No. 31 at 5, 8-9. Plaintiff indicates that any payment shall be paid to Plaintiff and delivered to Plaintiff's counsel. Doc. No. 31 at 2 ¶ 7. However, if Plaintiff does not owe a federal debt, Plaintiff indicates the "government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel. Doc. No. 31 at 2 ¶ 7. The Motion is unopposed. Doc. No. 31 at 2 ¶ 8.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorneys' fees. *Id*. at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v.*

*United States,* 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, No. 3:09–CV–132 CDL–MSH, 2011 WL 1196054 at *3-4 (M.D. Ga. Feb. 24, 2011).

In compliance with *Ratliff*, it is **RECOMMENDED** that:

1. The Motion be **GRANTED** only to the extent that the Court awards EAJA attorney's fees to Plaintiff, as the prevailing party, in the sum of $3,222.47;

2. The Motion otherwise be **DENIED**; and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on March 28, 2013.

                                                                               /s/ Gregory J. Kelly
                                                                               GREGORY J. KELLY
                                                                               UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy